Affirmed and Memorandum Opinion filed September 28, 2004









Affirmed and Memorandum Opinion filed September 28,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00649-CR

____________

 

FIDENCIO
FLORES, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

___________________________________________________________

 

On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 21,714

___________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Fidencio Flores asserts
that he was egregiously harmed by the trial court=s error
in charging the jury in the punishment phase that appellant=s
good-conduct time would be counted in determining his eligibility for
parole.  We disagree and affirm the trial
court=s
judgment.








I.  Factual and Procedural Background

Appellant
was charged by indictment with aggravated assault with a deadly weapon.  Appellant pleaded not guilty.  The jury convicted him of the offense and
made an affirmative finding that appellant used a deadly weapon during the
offense.

In the punishment phase, the same
evidence from the guilt-innocence phase was readmitted, and the State called
one witness to provide evidence regarding appellant=s
penitentiary packet for his prior conviction of aggravated robbery.  Appellant did not cross-examine this witness
or provide any new evidence at the punishment phase.  In closing argument, appellant=s counsel
asked the jury to assess the minimum punishment of five years=
confinement.  In its closing argument,
the State did not ask for a specific punishment, and the State made the
following argument:

And you know that at the
end of that number, this man (pointing) joins y=all again.  He walks back out C and it may not be y=all personally; but do you
know people?  Do you have children?  Do they have friends?

The question is: When do they
get to meet Fidencio Flores?  That is the
question you get to ask and answer today, because that is the number that you
put on him is the answer to that question. 
You will make that decision today. 
When do they, when do y=all, get to meet Fidencio Flores face to face,
outside?

Appellant pleaded true to one
enhancement paragraph regarding his prior conviction for aggravated
robbery.  In its punishment-phase charge
to the jury, the trial court included the following instructions regarding
parole:

Under the law applicable
in this case, the defendant, if sentenced to a term of imprisonment, may earn
time off the period of incarceration imposed through the award of good conduct
time.  Prison authorities may award good
conduct time to a prisoner who exhibits good behavior, diligence in carrying
out prison work assignments, and attempts at rehabilitation.  If a prisoner engages in misconduct, prison
authorities may also take away all or part of any good conduct time earned by
the prisoner.  It is also possible that
the length of time for which the defendant will be imprisoned might be reduced
by the award of parole.  

 








Under the law applicable
in this case, if the defendant is sentenced to a term of imprisonment, he will
not become eligible for parole until the actual time served plus any good
conduct time earned equals one‑half of the sentence imposed or 30
years, whichever is less, without consideration of any good conduct time he may
earn.  Eligibility for parole does not
guarantee that parole will be granted.  

It cannot accurately be
predicted how the parole law and good conduct time might be applied to this
defendant if he is sentenced to a term of imprisonment, because the application
of these laws will depend on decisions made by prison and parole
authorities.  

You may consider the
existence of the parole law and good conduct time.  However, you are not to consider the extent
to which good conduct time may be awarded to or forfeited by this particular
defendant.  You are not to consider the
manner in which the parole law may be applied to this particular
defendant.  (emphasis added)

Appellant did not object to the
court=s charge,
including the language emphasized above. 
The jury assessed punishment at ten years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.  

II.  Issue and
Analysis

In his sole issue, appellant
asserts that the language emphasized above in the trial court=s
punishment-phase charge caused him egregious harm.  As the State concedes, the trial court erred
in including the emphasized language in the charge because appellant=s
eligibility for parole will be determined based on his actual time served,
without consideration of good-conduct time. 
See Tex. Gov=t Code '
508.145(d).  








Because appellant did not object
to this error in the jury charge, we conduct our harm analysis under the
egregious-harm standard.  See Hutch v.
State, 922 S.W.2d 166, 170B71 (Tex.
Crim. App. 1996).  Errors that result in
egregious harm are those which affect Athe very
basis of the case,@ deprive
the defendant of a Avaluable
right,@ or Avitally
affect a defensive theory.@  Id. at 171 (quoting Almanza v.
State, 686 S.W.2d 157, 172 (Tex. Crim. App. 1985) (op. on reh=g)).  In conducting our harm analysis, we may
consider the following four factors: (1) the charge itself, (2) the state of
the evidence including contested issues and the weight of the probative
evidence, (3) the arguments of counsel, and (4) any other relevant information
revealed by the record of the trial as a whole. 
See Hutch, 922 S.W.2d at 171.

This case presents
punishment-phase charge error.  The jury
already had convicted appellant of aggravated assault with a deadly
weapon.  Regarding the state of the
evidence, the only new evidence at the punishment phase was the penitentiary
packet concerning appellant=s prior
conviction for aggravated robbery and the state=s witness
who provided testimony relating thereto. 


As to the arguments of counsel,
appellant=s counsel attempted to evoke
sympathy for appellant and pointed out that the inmate he assaulted was a
bigger man.  Appellant=s counsel
asked for the minimum sentence of five years. 
The State stressed that appellant had cut another inmate=s face
with a razor many times and that appellant had failed to reform his ways
despite a seven-year sentence for his previous offense.  The State did not ask for a specific sentence
but asked the jury to consider how soon it wanted appellant to be out of
prison.  Although this portion of the
State=s
argument, which is quoted above, did ask the jury to consider how long
appellant should be imprisoned, the State=s
argument did not specifically take advantage of the charge error in
question.  Neither appellant=s counsel
nor the State mentioned good-conduct time in closing argument.  Given the range of punishment, the jury
assessed punishment at the low end C ten
years in the context of a range of punishment from five to ninety-nine years or
life imprisonment. 








Finally, the charge itself
expressly instructed the jury not to consider the extent to which good-conduct
time may be awarded to or forfeited by appellant.  It also instructed the jury not to consider
the manner in which the parole law may be applied to appellant.  We presume that the jury followed these
instructions and that these instructions cured any harm from the charge error
in question.  See Love v. State,
909 S.W.2d 930, 935 (Tex. App.CEl Paso
1995, pet. ref=d).  The record in this case does not indicate
that the jury disobeyed these curative instructions.  We conclude that the trial court=s charge
error did not cause egregious harm.  See
id. (finding no egregious harm where trial court erroneously charged the
jury that appellant would be eligible for parole after serving one-fourth of
his sentence when appellant actually was not eligible for parole until he had
served one-third of his sentence); Guevara v. State, No. 14-97-00555-CR,
1999 WL 694704, at *2B4 (Tex.
App.CHouston
[14th Dist.] Sept. 9, 1999, pet. ref=d)
(finding same charge error as in the instant case not to be egregious harm)
(not designated for publication).

Accordingly, we overrule
appellant=s sole issue on appeal, and we
affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed September 28, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).